UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

CIVIL ACTION NO. 6:07-258-KKC

COURTNEY PERL McQUEEN, *Individually*
*and on behalf of all others similarly situated,* et al.,                                    PLAINTIFFS


v.                                          **OPINION AND ORDER**


LAUREL COUNTY, KENTUCKY, et al.,                                                        DEFENDANTS

\* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (Rec. No. 8) and the Motion to Permit Defendants to Delay Filing a Responsive Pleading Pending Ruling on Defendants' Motion to Dismiss (Rec. No. 20) filed by the Defendants.

The Plaintiffs filed their original complaint on July 24, 2007 (Rec. No. 1). The Plaintiffs filed an Amended Complaint on August 6, 2007 (Rec. No. 3). On February 8, 2008, the Defendants filed a Motion to Dismiss both the original and amended complaints (Rec. No. 8) asserting that they had never been served with a summons. The Defendants seek dismissal under Fed. R. Civ. Proc. 4(m) which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

The Court finds that dismissal is not warranted in this action. During the time in question, this was one of two cases pending before this court involving essentially the same Defendants who

were represented by essentially the same lawyers. *See Napier v. Laurel County, Kentucky*, No. 06-CV-368-DCR (E.D.Ky.). Thus, the Defendants were aware of the allegations made against them and there has been no showing of prejudice caused by the Plaintiffs' failure to timely serve them. Accordingly, the Court will not dismiss the Amended Complaint and will order that the Plaintiffs properly serve the Defendants within 20 days of the entry date of this Order.

As to the original complaint, an amended complaint supersedes the original complaint and becomes the only "legally operative complaint." *Parry v. Mohawk Motors of Michigan, Inc.*, 236 F.3d 299, 306 (6th Cir. 2000); *Othen v. Ann Arbor School Bd.*, 699 F.2d 309, 311(6th Cir. 1983). Accordingly, dismissal of the original complaint is not appropriate.

The Defendants have also filed a "Motion to Permit Defendants to Delay Filing a Responsive Pleading Pending Ruling on Defendants' Motion to Dismiss." (Rec. No. 20). In this motion, the Defendants ask the Court to permit them to wait to file a responsive pleading to the Amended Complaint until the Court rules on their pending Motion to Dismiss. The Court has now ruled on the Motion to Dismiss. In addition, under Federal Rule of Civil Procedure 12(a)(4), the time for filing a responsive pleading is altered when a Rule 12 motion to dismiss is filed. Accordingly, the Court will Deny as moot the Motion to Permit Defendants to Delay Filing a Responsive Pleading Pending Ruling on Defendants' Motion to Dismiss. The Defendants should respond to the Amended Complaint in accordance with the applicable Federal Rules of Civil Procedure and Joint Local Rules of Civil Practice.

For these reasons, the Court hereby ORDERS as follows:

1)   the Defendants' Motion to Dismiss (Rec. No. 8) is DENIED;

2) the Defendants' Motion to Permit Defendants to Delay Filing a Responsive Pleading Pending Ruling on Defendants' Motion to Dismiss (Rec. No. 20) is DENIED as moot;

3) within 20 days of the entry date of this order, the Plaintiffs shall properly serve the Defendants in accordance with the applicable Federal Rules of Civil Procedure and Joint Local Rules of Civil Practice; and

4) the Defendants shall respond to the Amended Complaint in accordance with the applicable Federal Rules of Civil Procedure and Joint Local Rules of Civil Practice.

Dated this 15th day of April, 2008.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge